IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN MIHALICK,<br><br>Plaintiff,<br>　　v.<br><br>CHRISTOPHER J. DELVAUX,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No. 21-93<br>)　　Hon. Nora Barry Fischer<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is a Motion filed by Defendant Christopher Delvaux ("Defendant") to exclude the proffered expert testimony of Maryanne Cline ("Cline"), RN. (Docket No. 35). Plaintiff Jonathan Mihalick ("Plaintiff") opposes this Motion. (Docket No. 52). Defendant was provided an opportunity to further brief his position, but he declined to do so. (*See* Docket No. 53), Having carefully considered the parties' submissions, including Cline's deposition testimony, (Docket No. 52, Exhibits B), her resume, (Docket No. 21 at 33-34), and her expert report, (Docket No. 25), and for the following reasons, Defendant's Motion [35] is DENIED.

I. BACKGROUND

This is a negligence action under Pennsylvania tort law wherein Plaintiff alleges that he was injured on January 7, 2020, after Defendant's vehicle rear-ended him and caused a five-car pile-up. The parties have stipulated that Defendant was at fault in causing the accident, and that Plaintiff sustained a cervical/thoracic strain and a fractured nose which required surgery. (Docket No. 39). The parties disagree as to the proper calculation of damages in this matter, including the nature and extent of any additional injuries Plaintiff may have suffered as a result of the accident, as well as any ongoing treatment he may require in the future. (*Id.*). Consistent with their respective positions, both

1

parties intend to present expert testimony at trial, including Cline and Dr. Yeshvant Navalgund ("Dr. Navalgund") on behalf of Plaintiff, and Dr. Gerard Werries and Dr. Brian Elford of behalf of the defense. (Docket Nos. 29, 31).

Relevant here, Cline is a certified nurse life care planner for Balacare Solutions ("Balacare"). (Docket No. 52, Exhibit B at 8-9). Her education includes an associate's degree in nursing from the State University of New York in 1985 and a bachelor's degree in Health Care Management from Franklin University in Columbus, Ohio in 2005. (*Id.* at 8). In 2012, she became a certified life care planner, which required 120 hours of post-graduate coursework through FIG Services, successful completion of a peer-reviewed life care plan, and satisfactory performance on a proctored exam. (*Id.*). She is a member of the International Association of Rehabilitation Professionals and the American Association of Nurse Life Care Planners. (*Id.* at 13). Nearly 100% of her work in her current position consists of providing life care plans and medical cost projections. (*Id.* at 14).

Plaintiff intends to offer Cline as an expert witness at trial to establish the cost of his expected future medical expenses resulting from this accident. (Docket No. 29). To this end, Cline authored a Total Lifetime Cost of Care for Plaintiff, (Docket No. 35-1), which places a monetary value on his expected future medical costs based on the recommended treatment from Dr. Navalgund. Defendant challenges the methodology underlying Cline's report and argues that the conclusions contained therein are speculative and unreliable. (*See* Docket No. 35). Hence, Defendant seeks to exclude Cline from testifying at trial. (*Id.*). Plaintiff responds that Defendant failed to object to Cline's qualification as an expert in the field of medical cost projection during her deposition, and that his objections go to the weight of Cline's testimony rather than its admissibility. (*See* Docket No. 52). For the reasons that follow, the Court agrees with Plaintiff.

II. ANALYSIS

Federal Rule of Evidence 702, which memorializes the Supreme Court's seminal case *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), provides the basic framework for the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

This Court understands its important function as a gatekeeper to fully evaluate proffered expert opinions to ensure that they are both relevant and reliable before permitting such opinions to be presented to a jury, *see Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997) (citing *Daubert,* 509 U.S. at 589), and has excluded experts from testifying in cases where the Court found that the three requirements set forth in Rule 702, "qualifications," "reliability" and "fit," were not met. *See Pritchard v. Dow Agro Sciences*, 705 F. Supp. 2d 471 (W.D. Pa. Mar. 11, 2010), *aff'd*, 430 F. App'x 102 (3d Cir. 2011). But, Defendant has failed to meet its burden to convince this Court that Cline's proffered expert opinions should be excluded as it meets the liberal standard of admissibility under Rule 702. *See Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril*, 128 F.3d at 806) ("Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility."). Overall, the Court believes that Defendant's

challenges to Cline's proffered testimony present questions concerning the underlying factual foundation and bases for her opinions that are properly resolved by the jury after considering the conflicting evidence presented by both parties at trial. *See Daubert*, 509 U.S. at 596 ("[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

In so holding, the Court briefly comments that Defendant has not meaningfully challenged Cline's qualifications as a medical cost projectionist. The Court is of the opinion that Cline is sufficiently qualified to provide the types of opinions that she has proffered in this case. She testified that there is shared methodology between life care planning and medical cost projection, that she uses her training as a certified nurse life care planner to provide both services, and that she is unaware of a distinct certification specifically for medical cost projection. (Docket No. 52, Exhibit B at 14-16). Further, she regularly provides medical cost projections to counsel, (*Id.* at 25-26), and has been admitted as an expert witness in Pennsylvania in both state and federal court. (Docket No. 52, Exhibit B at 14; Exhibit C).

Regarding Cline's underlying methodology, which Defendant broadly challenges, Cline testified that she uses a variety of published resources to come up with a localized cost estimate for medical procedures, office visits, prescriptions, durable medical equipment, and the like, in accordance with the recommendations from the individual's medical provider. (*See* Docket No. 52, Exhibit B at 10-12). Cline does not provide any of her own medical diagnoses or recommendations. (*Id.* at 19-20). The cost of services recommended by the medical provider are compiled into a yearly cost estimate, which is then multiplied by the person's life expectancy, as determined from tables published by the Centers for Disease Control and Prevention, ("CDC"). (*Id.* at 24). In her deposition

testimony, Cline detailed each step of her analysis, including: listing the type of medical services contemplated by Dr. Navalgund's recommendations, identifying the local medical providers whose prices were used to glean an estimated cost of services in Pittsburgh, the total yearly estimated cost of Plaintiff's expected treatment, and the application of the life expectancy multiplier from the CDC. (*See id.* at 21-24).

Given the limited role in assessing proffered expert testimony, the Court finds that the record demonstrates that Cline's proposed expert testimony meets the remaining *Daubert* requirements of "reliability" and "fit," such it is suitable for presentation to the jury. *See United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (*Daubert* demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable manner) (citing *Ruiz–Troche v. Pepsi Cola Bottling Co.*, 161 F.3d 77, 85 (1st Cir.1998) (further citations omitted); *see also Kannankeril*, 128 F.3d at 809 ("The trial judge must be careful not to mistake credibility questions for admissibility questions.").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [35] is DENIED.[1]

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

March 4, 2022

cc/ecf:  All counsel of record.

---

1     Defendant alternatively asks the Court to find that Cline's expert testimony as to the costs of Plaintiff's future medical expenses is subject to post-verdict molding. (Docket No. 35 at ¶ 18). In the Court's estimation, this request is premature and will be denied, without prejudice. The merits of the same will be considered at the appropriate stage of this litigation, if necessary.